THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DUNCAN YOUNG, Appellant.

*Indictment for murder — on the trial thereof the jury should be charged as to the several degrees of murder, and not that the accused is guilty of certain specified degrees or none.*

In view of the fact that homicide may constitute either murder, manslaughter, excusable homicide or justifiable homicide, and that murder and homicide are each subdivided into two degrees, and in view of the provision of section 444 of the Code of Criminal Procedure that upon an indictment for a crime consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto or of an attempt to commit the crime, and that under section 390, whenever there is a reasonable doubt in which of two or more degrees a defendant is guilty, he can be convicted of the lowest of those degrees only, it is error for a judge presiding at the trial of an indictment for murder in the first degree to refuse to instruct the jury as to the various degrees of homicide, and to charge, as a matter of law, that the defendant was guilty of murder in the first or second degree or of nothing at all.

APPEAL by the defendant, Duncan Young, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, entered on the 1st day of November, 1902, convicting the defendant of the crime of murder in the second degree.

*Lewis Stuyvesant Chanler*, for the appellant.

*Howard S. Gans*, for the respondent.

McLAUGHLIN, J.:

On the 24th day of January, 1899, one George Eberhardt was murdered, and the defendant, with two others, was indicted for the commission of the crime. The defendant, after a separate trial, was convicted of murder in the second degree, but the judgment of conviction was reversed for errors in the admission of evidence. (*People* v. *Young*, 72 App. Div. 9.) A second trial resulted in a similar verdict and he has again appealed.

The facts, so far as material, are substantially as follows: Between

three and four o'clock on the morning of the 24th day of January, 1899, a man was discovered in the act of forcing open a second story rear window of a dwelling in the city of New York; the police were notified and an unsuccessful attempt made to capture him; as soon as he ascertained that he was discovered he endeavored to escape, running from yard to yard in the rear of dwellings in that vicinity, jumping over fences — during which time he was shot at several times — and finally attempted to get away by going up a fire escape at the rear of a dwelling, but not the one where he was first discovered; when he reached a certain point upon the fire escape the deceased struck at him with a stick and he thereupon shot and killed the latter; he then continued up the fire escape to the story above, entered a window, made his way through the house to the street, and escaped; two days later the defendant was arrested and was subsequently, with one Bauman and one Schwetzer, jointly indicted for the commission of the crime.

At the trial it was claimed by the People that the three persons indicted attempted to commit a burglary, and defendant, while endeavoring to escape, shot and killed Eberhardt; the testimony of the different witnesses tended to show that at the time the shooting took place it was quite dark and a serious question of fact was thus presented as to the identification of the defendant as the man who fired the shot that killed the deceased; the evidence, however, was sufficient to justify the jury in reaching the conclusion which it did, and we would have no difficulty in affirming the judgment were it not for a serious error committed by the trial judge. He charged the jury that they should find the defendant guilty of murder or "nothing at all." No exception was taken to this statement, but at the conclusion of the charge the defendant's counsel requested that the jury be instructed as to the various degrees of homicide. This was refused, the judge saying: "I  *  *  *  leave it to the jury to determine whether or not it is murder in its first or second degree, or not guilty," to which an exception was taken. The exception was well taken. "Homicide is the killing of one human being by the act, procurement or omission of another." (Penal Code, § 179.) It is divided into four degrees: Murder, manslaughter, excusable homicide, and justifiable homicide. (Id. § 180.) Murder and manslaughter are each subdivided into two degrees.

(Id. §§ 183, 184, 189, 193.) Upon an indictment for a crime consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime (Code Crim. Proc. § 444), and whenever there is a reasonable doubt in which of two or more degrees a defendant is guilty, he can be convicted of the lowest of those degrees only. (Id. § 390.)

The trial judge, therefore, could not charge as a matter of law that the defendant was guilty of murder in the first or second degree or nothing at all, nor could he refuse when requested to tell the jury what were the various degrees of homicide. Under the instruction given the jury was prohibited from doing what the Legislature of the State has said it might do, viz., find the defendant not guilty of the crime charged in the indictment and guilty of any inferior degree thereof. Where a person has been indicted for the commission of a crime of which there are various degrees, the court cannot, when requested to do so, refuse to tell the jury what those degrees are or prohibit the jury from finding a defendant guilty of any one of them inferior to that charged in the indictment. The verdict may not be justified by the evidence, but the statute permits the jury to make the finding, and there is no power in the court to prohibit it.

The judgment and orders appealed from, therefore, must be reversed and a new trial ordered.

VAN BRUNT, P. J., O'BRIEN, HATCH and LAUGHLIN, JJ., concurred.

Judgment and orders reversed and new trial ordered.